## Skahan et al. v. Holmes et al., County Commissioners.

*Nomination papers—Filing after office hours, on last day—Mandamus—Act of April 23, 1927.*

Under the Act of April 23, 1927 (No. 236), requiring nomination petitions for primary elections to be filed at least five weeks before the primary, petitions filed on the last day within an hour after 3 o'clock P. M., the regular closing time of the office of the county commissioners, and while the office was in fact still open, are in time and mandamus will issue to compel the commissioners to receive and file such petitions and enter the names of the candidates on the official ballot.

Mandamus to compel county commissioners to receive and file nomination papers. C. P. No. 5, Phila. Co., June T., 1927, No. 19193.

*Lewis C. Cassidy*, for plaintiffs; *William T. Connor*, for defendants.

GORDON, JR., J., Sept. 7, 1927.—This is a proceeding in mandamus to compel the defendants, the County Commissioners of Philadelphia County, to receive the nomination papers of five candidates' for nomination to various offices, to be voted for at the Democratic primaries, to be held on Sept. 20, 1927, and to place their names upon the official Democratic primary ballot of that election.

The case is before us upon demurrer to the defendants' return to the alternative writ. Section 1 of the Act of April 23, 1927 (No. 236), provides that nominating petitions for primary elections shall be filed at least five weeks before the primary, and on Aug. 16, 1927, the last day for filing such petitions under the act, at ten minutes of 4 o'clock in the afternoon, being fifty-five minutes after the regular and customary closing time, the plaintiffs appeared at the office of the defendants and presented their nominating petitions, which the defendants, or their proper agents, refused to receive and file. These facts, set forth in the alternative writ and the return, are admitted by the demurrer. The defendants contend that as their regular and customary hour for closing their office was 3 o'clock, they, therefore, had no right to receive the petitions after the closing hour. With this contention we cannot agree. The act of assembly prescribing the time in which nomination papers must be filed and the limits fixed by the act can be neither lengthened nor abridged by the agency designated by law to receive the petitions. The case of Twibill *v.* Woods, 20 Dauphin Co. Reps. 266, 27 D. R. 542, is relied on by the defendants to justify their refusal of the petitions. That case, however, does not decide the question now before us. In it a candidate for the office of judge in Philadelphia County, appearing at the office of the Secretary of the Commonwealth at 11.50 P. M. on the last day for filing petitions, found the office closed and threw his petition through the open transom of the door. The court held that, as the office was closed and no one was there to receive the petition, the tossing of the papers into the room through the transom did not constitute a filing of them with the Secretary of the Commonwealth under the act. It is not necessary to disagree with the decision in the Twibill case to reach the conclusion we have in the case before us. The facts of the two cases are entirely different. In the former, the office was closed and no one there to receive the paper, while in the present case the defendants or their agents were in the office and the petitions were actually presented to them within the time required by law. In such a situation, nothing can justify the refusal to receive them.

It was contended in the Twibill case that the Secretary of the Commonwealth was bound to keep his office open until 12 o'clock midnight on the last day for filing, but the court held that he was not required to do so, adding the

petitions should be presented to him at a reasonable time and place. Conceding this to be the law, and admitting that the person appointed to receive petitions may close his office and leave it at the usual hour, it does not follow that he may refuse to receive a petition whenever it is presented to him within the period fixed by the act. No time can be called unreasonable which the law fixes, and the office of the receiving officers is a suitable place to present the petition.

The right of the people to seek the public service and to choose their representatives, freely, and without other restrictions than those fixed by law, extends to all phases of the election machinery, whether it be in the choice of candidates at a primary, or in a selection among them at a general election, and any arbitrary abridgment of the time fixed by law for the performance of a right connected with an election is pro tanto, an interference with the freedom of the election. True it is that, as a matter of order and convenience, election petitions should be presented to the Commissioners during ordinary business hours, and the mere closing of their office at the usual time on the last day for filing petitions is not in itself improper, even though it may result in the inability of a candidate to file his petition. Yet, if the petition be actually presented to the proper officers before the last minute of the last day for filing, it must be accepted and filed. To hold otherwise would destroy that equality of opportunity in the exercise of the rights of citizenship which the law is jealous to protect, and would encourage trickery and fraud.

We, therefore, conclude that the plaintiffs duly presented their nomination petitions to the defendants, or their proper agents, within the time fixed. by law; that the petitions should have been received and filed, and that it is the duty of the defendants to place the plaintiffs' names on the official ballot of the Democratic Party for the primary elections to be held on Sept. 20, 1927.

The demurrer is, therefore, sustained, and judgment is entered thereon for the plaintiffs. Let the peremptory writ of mandamus issue as prayed for.